IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
www.laed.uscourts.gov

| | |
|---|---|
| **COMMUNITY ASSOCIATES, INC.**,<br><br>*Plaintiff,*<br><br>V.<br><br>**KELLY LOEFFLER**, Administrator of the U.S. Small Business Administration, in her official capacity, and **SCOTT BESSENT**, Secretary of the U.S. Department of the Treasury, in his official capacity,<br><br>*Defendants.* | Civil Action No. 25-1181<br><br>Judge<br><br>Magistrate Judge |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(Relating to Forgiven Paycheck Protection Program Loan)

**NOW INTO COURT**, through undersigned counsel, comes COMMUNITY ASSOCIATES, INC., who complains of the Defendants KELLY LOEFFLER, Administrator of the U.S. Small Business Administration, in her official capacity, and SCOTT BESSENT, Secretary of the U.S. Department of the Treasury, in his official capacity, and states:

### PARTIES

1. Plaintiff, Community Associates, Inc. ("CAI" or "Plaintiff") is a Louisiana corporation located in Metairie, Louisiana, who obtained a Paycheck Protection Program (PPP) loan and asserts that it was granted full forgiveness in accordance with the CARES Act and applicable SBA rules.

2. Defendant Kelly Loeffler is the Administrator of the U.S. Small Business Administration ("SBA"), a federal agency headquartered in Washington, D.C. She is sued in her official capacity.

3. Defendant Scott Bessent is the Secretary of the U.S. Department of the Treasury ("Treasury") and is responsible for collection and offset of federal debts. He is sued in his official capacity.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because the case arises under the laws of the United States, including the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and the Due Process Clause of the Fifth Amendment.

5. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

6. Venue is proper in this district under 28 U.S.C. § 1391(e) because the Defendants are United States officers sued in their official capacities, and the Plaintiff resides or conducts business in this district.

**ALLEGATIONS AS TO THE MERITS**

7. In the early stages of the COVID-19 pandemic, CAI obtained a Paycheck Protection Program (PPP) loan in the approximate amount of $27,000 from an SBA-approved lender pursuant to the CARES Act, 15 U.S.C. § 636(a)(36). SBA PPP Loan No. 9816957709.

8. The loan was fully approved by the SBA during the initial phase of the program. At no time was CAI ever accused of making any misrepresentation, material or otherwise, in connection with its loan application.

9. CAI used the funds for allowable expenses such as payroll, rent, and utilities, in accordance with the Act and SBA guidance.

10. CAI timely submitted an application for full loan forgiveness. The lender, the Whitney National Bank, approved the forgiveness and transmitted the forgiveness decision to SBA.

11. Following the issuance of CAI's loan, the SBA later altered its policy, determining that certain lending institutions—including smaller entities like CAI—were no longer eligible for PPP participation. This represented a change in policy from the one in place when CAI was initially and lawfully approved. Months later, the SBA sought repayment of the original $27,000 loan. Although CAI pursued administrative remedies, the SBA denied review on the basis that CAI's appeal was untimely.

12. At the time CAI received the loan, legal authority was split on whether institutions like CAI were eligible under the PPP program. Case law supported the argument that the SBA had effectively made an *ex post facto* change in policy. In light of this legal ambiguity and in recognition of the legitimacy of institutions like CAI receiving such loans, Congress later amended the statute to expressly exclude future loans to similar entities, thereby affirming CAI's original eligibility at the time the loan was made.

13. Upon receiving the SBA's repayment demand, CAI promptly appealed, asserting that the loan should have been forgiven pursuant to prevailing case law and subsequent statutory changes. Although CAI's initial appeal was dismissed as untimely (a matter not originally handled by undersigned counsel), CAI filed a final administrative appeal to the SBA Administrator, as permitted under applicable SBA regulations.

14. Months passed without a response from the Administrator. Subsequently, the SBA informed Whitney National Bank, the servicing lender for CAI's PPP loan, that the loan

was no longer due and owing. It is CAI's understanding that the SBA thereby acknowledged the merits of CAI's position and granted forgiveness of the loan through the servicing lender.

15. Despite this, CAI received no formal communication from the SBA confirming this decision. Instead, on or about June 11, 2024, or sometime thereafter, the SBA later issued a form letter implying that collection activity might resume and would possibly refer the loan to the U.S. Department of the Treasury for enforcement action.

16. The SBA's actions are unlawful because the loan was fully forgiven, and there exists no enforceable debt.

**CLAIM ONE: UNLAWFUL AGENCY ACTION UNDER THE APA (5 U.S.C. § 706(2)(A))**

17. The SBA's decision to pursue collection on a loan that was forgiven under law is arbitrary, capricious, an abuse of discretion, and contrary to the CARES Act and SBA regulations.

18. SBA's referral of the loan to Treasury for collection is based on an erroneous factual and legal premise and is invalid under 5 U.S.C. § 706(2)(A).

**CLAIM TWO: VIOLATION OF PLAINTIFF'S RIGHT
TO DUE PROCESS (U.S. CONST. amend. V)**

19. SBA and Treasury are threatening to deprive Plaintiff of property—including tax refunds, federal payments, and credit standing—without first providing a meaningful opportunity and notice to contest the basis for collection.

20. This conduct constitutes a violation of Plaintiff's constitutional right to due process of law.

## CLAIM THREE: ULTRA VIRES AGENCY ACTION

21. The SBA lacks any lawful authority to collect on a PPP loan that has been forgiven pursuant to the CARES Act and SBA guidance.

22. By acting beyond the limits of its statutory authority, the SBA has engaged in ultra vires conduct that should be enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, CAI, the Plaintiff herein, prays that this Court enters judgment in its favor, as follows:

A. Declare that Plaintiff's PPP loan has been forgiven and that there is no legal basis for SBA or Treasury to pursue collection;
B. Enjoin Defendants from referring or continuing any efforts to collect the loan through administrative offset, wage garnishment, or credit reporting;
C. Order Defendants to remove or correct any adverse entries relating to the forgiven loan;
D. Award Plaintiff costs and attorneys' fees under applicable law; And
E. Grant any other relief this Court deems just and proper.

Respectfully Submitted,

/s/ Evan Park Howell III
Evan Park Howell III (18957)
Attorney at Law
1 Galleria Boulevard, Suite 1900
Metairie, Louisiana 70001
Telephone: (504) 343-4346
Facsimile: (504) 901-6733
E-mail: ehowell@ephlaw.com
*Counsel for Community Associates, Inc.*