UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMMUNITY ASSOCIATES, INC.,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1181** |
| **KELLY LOEFFLER, ET AL.,**<br>**Defendant** | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is the motion of Defendant Scott Bessent, in his official capacity as Secretary of the United States Department of the Treasury ("Defendant" or "Treasury Department"), to dismiss the complaint of Plaintiff Community Associates ("Plaintiff") on the grounds that the Court lacks subject matter jurisdiction.[1] Plaintiff filed a statement of non-opposition.[2] Considering the law, Defendant's arguments, and Plaintiff's non-opposition, the Court finds it lacks subject matter jurisdiction over this issue and **GRANTS** the motion to dismiss.

Plaintiff brings this action against Scott Bessent in his capacity as Secretary of the United States Treasury Department and against Kelly Loeffler in her capacity as Administrator of the U.S. Small Business Administration ("SBA").[3] This action stems from Plaintiff's attainment of a Paycheck Protection Program (PPP) loan.[4] SBA initially granted Plaintiff a PPP loan, but when Plaintiff applied for loan forgiveness, SBA determined that Community Associates had never been an eligible recipient and

---

[1] R. Doc. 7. The Treasury Department also moved to dismiss the complaint for failure to state a claim upon which relief can be granted.
[2] R. Doc. 10.
[3] R. Doc. 1 at p. 1.
[4] *Id.* at p. 2

1

demanded repayment.[5] Plaintiff did not repay the loan, and SBA referred the debt to the Treasury Department's Bureau of the Fiscal Service's Treasury Offset Program (TOP).[6]

Plaintiff then filed suit against the SBA and the Treasury Department, asserting that Defendants violated its Fifth Amendment right to Due Process and engaged in unlawful agency and ultra vires actions.[7] Plaintiff seeks to prevent the Treasury Department from "continuing any efforts to collect the loan through administrative offset, wage garnishment, or credit reporting."[8]

On September 12, 2025, the Treasury Department filed the motion to dismiss currently before the Court, arguing this Court does not have jurisdiction to hear this action.[9] Plaintiff filed a statement of non-opposition. [10]

## LEGAL STANDARD

### I.     Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction, possessing only the authority expressly granted and conferred by the United States Constitution or by statute.[11] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[12] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[13] The party asserting jurisdiction bears the burden of

---

[5] *Id.* at pp 2-3 ¶ ¶ 8, 10, 12, 13.
[6] *Id.* at p. 4 ¶ 15.
[7] *Id.* at pp. 4-5 ¶ ¶ 17-22.
[8] *Id.* at p. 5.
[9] R. Doc. 7.
[10] R. Doc. 10. The Treasury Department also argued the Court should dismiss the complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, but the Court need not consider this argument.
[11] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[12] *See* FED. R. CIV. P. 12(b)(1).
[13] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

establishing that the district court possesses subject-matter jurisdiction.[14] "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."[15] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[16]

## LAW AND ANALYSIS

The Treasury Department administers the TOP program to help federal agencies collect delinquent debt owed to the government. In this case, SBA referred Plaintiff's loan debt to TOP for collection. When an agency refers a debt to TOP, as SBA did here, the Treasury Department, pursuant to 26 U.S.C. § 6402(d)(1)(A)-(B), must "reduce the amount of [any federal tax] overpayment payable" to a debtor by the amount of the debt owed and "pay the amount by which the overpayment is reduced . . . to such [referring] agency."[17]

The Treasury Department's offset activities under 26 U.S.C. § 6402 are not subject to judicial review, as "No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)."[18] In the present case, SBA referred Plaintiff's debt to the Treasury Department's TOP program and Plaintiff seeks to enjoin the Treasury Department from collecting the loan through administrative offset, wage garnishment, or

---

[14] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[15] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).
[16] *Ramming*, 281 F.3d at 161.
[17] *See also* 31 U.S.C. § 3720A (regarding offset of tax-refund payments)
[18] 26 U.S.C. § 6402(g); *see also Vann v. Comm'r of Internal Revenue*, No. 09-305, 2009 WL 1227260, at *1 (N.D. Tex. May 1, 2009); *Tatum v. United States*, No. 23-6184, 2024 WL 1716639, at *2 (E.D. La. Apr. 22, 2024).

credit reporting. However, this Court is incapable of reviewing such a claim as it lacks jurisdiction to review TOP offset activities.[19]

Accordingly,

**IT IS ORDERED** that Defendant United States Treasury Department's motion to dismiss[20] is **GRANTED** for lack of subject matter jurisdiction. Plaintiff's claim against Defendant United States Treasury Department is **DISMISSED WITHOUT PREJUDICE.**

**New Orleans, Louisiana, this 7th day of November, 2025.**

                                          **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[19] 26 U.S.C. § 6402(g).
[20] R. Doc. 7.