IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

www.laed.uscourts.gov

|  |  |
|---|---|
| COMMUNITY ASSOCIATES, INC. | Civil Action No. 2:25-cv-1181 |
| *Plaintiff,* | Judge Susie Morgan |
| V. | |
| KELLY LOEFFLER, Administrator of the U.S. Small Business Administration, in her official capacity, and SCOTT BESSENT, Secretary of the U.S. Department of the Treasury, in his official capacity. | Chief Magistrate Judge Janis van Meerveld |
| *Defendants.* | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Community Associates, Inc. ("CAI") files this Memorandum in Support of its Motion for Summary Judgment.

The question presented is straightforward: may the Small Business Administration enforce a debt after treating the loan as satisfied?

The undisputed facts show that, after CAI sought review from the SBA Administrator, the SBA remitted funds to the originating lender. The lender, Whitney Bank, applied those funds to the Paycheck Protection Program ("PPP") loan, marked the loan paid in full, and informed CAI that the balance was zero. The loan was reflected as satisfied and closed. Months later, without rescinding that remittance, reopening the administrative process, or issuing a new determination

explaining the legal basis for recovery, the SBA certified the same amount as a federal debt subject to Treasury offset.

The Administrative Procedure Act does not permit such internally inconsistent action. Because there is no genuine dispute as to any material fact and the SBA's debt determination cannot be sustained as a matter of law, CAI is entitled to summary judgment.

### STATEMENT OF UNDISPUTED FACTS

On May 1, 2020, CAI applied for and received a PPP loan pursuant to the CARES Act. CAI used the loan proceeds for authorized purposes, including payroll expenses, and timely applied for forgiveness.

On October 31, 2022, SBA issued a Final Loan Review Decision ("FLRD") denying forgiveness. CAI received that decision no later than November 29, 2022. On January 10, 2023, CAI filed an appeal with the SBA Office of Hearings and Appeals ("OHA"). The SBA moved to dismiss the appeal as untimely, and on February 9, 2023, the Administrative Law Judge dismissed the appeal without prejudice, concluding that the thirty-day filing period could not be modified. No merits review of CAI's forgiveness request occurred.

CAI thereafter timely filed a Request for Review with the SBA Administrator pursuant to 13 C.F.R. § 134.1211. A copy of which is attached as Exhibit 1.

After CAI filed its appeal to the Administrator, the SBA remitted funds directly to Whitney National Bank, the originating PPP lender. According to what the bank officer told CAI, Whitney applied the remitted funds to CAI's PPP loan and marked the loan "paid in full" in its records. Whitney informed CAI that the loan balance was zero and that CAI owed no remaining amount. The loan was reflected as satisfied and closed. See Declaration of Jacqueline "Jackie" A. Foreman

attached hereto as Exhibit 2; See also the Statement of Undisputed Facts, attached hereto as See Ex. 3 ¶ 15.

Before the SBA's remittance, Whitney had issued demand letters seeking repayment of the PPP loan balance. However, according to CAI's records, Whitney did not declare the loan accelerated prior to the SBA's payment, and CAI received no notice that the loan had been transferred to the SBA or that payments were thereafter owed to the United States. Following the SBA's remittance, Whitney did not direct CAI to make payments to the SBA, and no immediate demand for payment from the SBA followed the payment to Whitney. See Ex. 3 ¶ 15.

CAI has no record of any formal assignment of the note to the SBA at the time of the remittance.  See Ex. 3 ¶ 14.

As a result of the SBA's payment and Whitney's application of those funds, the PPP loan obligation was extinguished and reflected as closed. CAI relied on the lender's confirmation that the loan had been satisfied and understood that the matter had been resolved. See Ex. 3 ¶ 9.

Months later, without rescinding the prior payment, without reopening the administrative process, without issuing a new notice of default, and without issuing a written determination explaining the legal basis for recovery, the SBA treated the previously satisfied amount as a federal debt. The United States Department of the Treasury subsequently issued notice of intent to offset future federal tax refunds to collect the alleged PPP debt and threatened collection activity. See Ex. 3 ¶¶ 11–14, 16.

At no point did the SBA issue a new written determination acknowledging the prior payment to Whitney, explaining whether the remittance constituted forgiveness or a guarantee

purchase, or identifying the legal authority for reviving the previously satisfied obligation. See Ex. 3 ¶ 16.

The amount at issue is approximately $27,775.00. See Ex. 3 ¶ 18.

### STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In cases governed by the Administrative Procedure Act, judicial review is limited to determining whether the agency's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Agency action must reflect reasoned decision making and may not disregard prior determinations without lawful rescission and explanation. See *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

### I. The SBA Cannot Enforce a Debt After Treating the Loan as Satisfied.

The Administrative Procedure Act requires courts to set aside agency action that is arbitrary, capricious, or not in accordance with law. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Agency action must reflect the consummation of reasoned decision making and must be internally coherent. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

After Community Associates sought review from the SBA Administrator (See Exhibit 1), the SBA remitted funds to the originating lender. The lender applied those funds to the PPP loan, marked the loan "paid in full," and informed Community Associates that the balance was zero. The loan was reflected as satisfied and closed. That conduct signaled completion of the agency's action with respect to the loan obligation.

Months later, without rescinding the prior remittance and without reopening the administrative process, the SBA treated the same amount as a federal debt subject to collection. An agency may not disregard its own completed action (here the payment to Whitney extinguishing the loan) and proceed as though it never occurred. When an agency changes position, particularly where its prior action has induced reliance, it must provide a reasoned explanation for doing so. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)("To be sure, the requirement that an agency provide reasoned explanation for its action would ordinarily demand that it display awareness that it is changing position."); *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,* 140 S. Ct. 1891, 1915 (2020) (plurality opinion).

Here, the SBA has identified no formal rescission of its remittance, no reopening of the administrative record, and no new determination explaining the legal basis for recovery. The government may not treat the loan as satisfied for purposes of the lender's books while later asserting that the same obligation continued uninterrupted. Administrative action must be coherent and grounded in lawful process. *State Farm*, 463 U.S. at 41-43.

Because the SBA treated the loan as satisfied and later attempted to revive the obligation without lawful rescission or reasoned explanation, its debt determination cannot stand.

## II. The Administrative Procedure Act Requires Vacatur and Remand.

The Administrative Procedure Act requires courts to "hold unlawful and set aside" agency action that is arbitrary, capricious, or not in accordance with law. 5 U.S.C. § 706(2)(A); *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983).

Here, after the SBA remitted funds to Whitney National Bank, the lender applied those funds, marked the loan "paid in full," and informed Community Associates that the balance was

zero. The loan was treated as satisfied and closed. Months later, without rescinding that payment or providing a reasoned explanation for reversal, the SBA certified the same amount as a federal debt.

An agency may not treat an obligation as satisfied and later enforce it without lawful rescission and reasoned decision making. See *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). Because the SBA's debt certification rests on an unexplained departure from its prior completed action, it must be set aside. Vacatur and remand are therefore required.

## CONCLUSION

The record reveals no dispute of material fact. The SBA remitted payment to the lender. The lender marked the loan paid in full and informed Community Associates that the balance was zero. The agency later sought to enforce the same obligation without rescission, reopening, or reasoned explanation. The Administrative Procedure Act does not permit such internally inconsistent action. Because the SBA treated the loan as satisfied and then attempted to revive it without lawful process, its debt determination must be set aside. The Court should grant summary judgment in favor of Community Associates, vacate the agency's certification of debt, and remand the matter for proceedings consistent with law.

DATED: February 20, 2026                    Respectfully Submitted,

                                            /s/ Evan Park Howell III
                                            Evan Park Howell III (18957)
                                            Attorney at Law
                                            1 Galleria Boulevard
                                            Metairie, Louisiana 70001
                                            Telephone:    (504) 343-4346
                                            Facsimile:    (504) 613-6733
                                            E-mail:       ehowell@ephlaw.com
                                            *Counsel for Community Associates, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2026, the foregoing *Motion* and this Certificate of Service, was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Peter M. Mansfield     Peter.Mansfield@usdoj.gov, caseview.ecf@usdoj.gov, vanessa.brown@usdoj.gov

/s/ Evan Park Howell III
Evan Park Howell III (18957)