**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **COMMUNITY ASSOCIATES, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-1181** |
| **KELLY LOEFFLER, ET AL.,**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER

On February 20, 2026, Plaintiff Community Associates, Inc. ("Plaintiff") filed a Motion for Summary Judgment and a Statement of Uncontested Facts.[1] Federal Rule of Civil Procedure 56(c)(1)(A) states: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record[.]"[2] Plaintiff failed to provide record evidence supporting most of its statements of uncontested facts.[3] Accordingly, the Court ordered Plaintiff to file an amended statement of uncontested facts with specific citations to evidence supporting each statement, and to attach any relevant documents such as deposition transcripts, contracts, e-mails, stipulations, admissions, interrogatory answers, or other materials . . . ."[4]

On March 13, 2026, Plaintiff filed an amended Statement of Undisputed Material Facts.[5] While Plaintiff cites to record evidence for a few of its statements of facts, for most of the statements, Plaintiff cites only to a declaration of Jackie Foreman, who is an authorized representative of Plaintiff.[6] In this declaration, Foreman states that she has reviewed Plaintiff's Statement of Undisputed Material Facts and declares that all the facts

---

[1] R. Doc. 23; R. Doc. 23-4.
[2] FED. R. CIV. P. 56(c)(1)(A).
[3] R. Doc. 23-4.
[4] R. Doc. 26.
[5] R. Doc. 29.
[6] *Id.* at ¶ ¶ 2, 8-17.

set forth in the document are true and correct and are based on her personal knowledge.[7] This does not comply with the requirement of Rule 56(c)(1)(A) that a party support its statements of fact by citing to particular materials in the record such as depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. The Foreman declaration's broad assertion that "all facts set forth in [the] Statement of Undisputed Material Facts are true" is insufficient to satisfy Plaintiff's obligation to cite to particular materials in the record that support its statements of fact.

Plaintiff already has had an opportunity to amend its Statement of Undisputed Material Facts to comply with Rule 56(c)(1)(A) but failed to do so, in violation of the Court's order.[8] Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim against it."[9] The Court has the inherent discretion *sua sponte* to take the less severe action of denying Plaintiff's Motion for Summary Judgment for failure to abide by its order. Accordingly;

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.[10]

The Court's Order at R. Doc. 26 required Defendant to move for summary judgment and file a response to Plaintiff's motion for summary judgment on or before **April 6, 2026**. Defendant need not respond to Plaintiff's motion because the Court has denied it, but Defendant may file its own motion for summary judgment on or before **April 6, 2026**. Plaintiff may file an opposition to Defendant's motion on or before **April**

---

[7] R. Doc. 29-1 at p. 3.
[8] R. Doc. 26.
[9] Fed. R. Civ. P. 41(b).
[10] R. Doc. 23.

**29, 2026**. Defendant may file a reply to Plaintiff's opposition on or before **May 29, 2026**.

New Orleans, Louisiana, this 17th day of March, 2026.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**