UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

COMMUNITY ASSOCIATES, INC.            *        CASE NO. 25-1181

        vs.            *        SECT. E(1)

KELLY LOEFFLER, ET AL.            *        JUDGE MORGAN

                    *        MAG. JUDGE VAN MEERVELD

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

I.    Introduction and summary of the argument

MAY IT PLEASE THE COURT: Plaintiff, Community Associates, Inc. (CAI), received a CARES Act Paycheck Protection Program (PPP) loan, but was later found to be primarily engaged in the business of lending and, therefore, ineligible for the loan. Defendant, the Small Business Administration (SBA), paid the private lending bank a guaranty of the loan, received an assignment, then sought repayment from CAI. Because the SBA's ineligibility determination and pursuit of reimbursement were neither arbitrary, capricious, nor contrary to law, the agency is entitled to summary judgment on CAI's claim seeking equitable relief under the Administrative Procedure Act (APA). For this reason, as further explained below, the Court should grant the SBA's motion and dismiss CAI's APA claims with prejudice.

1

**II.    Facts and procedural background**

**a.  Administrative record**

**i.  CAI's PPP loan**

CAI first applied for a PPP loan from Hancock Whitney Bank under the CARES Act in April 2020. Rec. Doc. 20 at SBA002.[1] In its application, CAI "certified" to Hancock that it was "eligible" to receive the PPP loan "under the Paycheck Protection Program Rule." *Id*.; *see also* SBA006, SBA023 (same). The SBA's PPP eligibility rule is found at 13 C.F.R. § 120.110. It states, in relevant part, that "[f]inancial businesses primarily engaged in the business of lending," are "ineligible" for SBA business loans. 13 C.F.R. § 120.110(b). Hancock also certified that CAI wasn't ineligible for the PPP loan under this regulation. SBA004. CAI received the $27,775.00 PPP loan in May 2020. SBA027.

**ii.  CAI's forgiveness application**

CAI submitted a loan-forgiveness application in 2022. SBA055. In it, CAI represented that it had "complied with all requirements of the Paycheck Protection Program Rules . . . issued by the SBA[.]" *Id*. The loan-forgiveness application stated: "[CAI's] eligibility for loan forgiveness will be evaluated in accordance with Paycheck Protection Program Rules. SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines the Borrower was ineligible for the PPP loan." *Id*. The SBA requested documentation, including tax returns, from Hancock and CAI in support of the forgiveness application. SBA058–59, SBA062–69.

---

[1]    The unsealed portions of the SBA's administrative record on review are filed at Rec. Docs. 20 and 27-1. For ease of reference, the SBA will cite the bates numbers stamped on the bottom-right of Rec. Docs. 20 and 27-1 throughout this memorandum.

### iii.  SBA's ineligibility determination

On October 31, 2022, the SBA informed Hancock and CAI that CAI "was ineligible for the PPP loan." SBA070. The SBA concluded that CAI "is a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring." *Id*. The SBA supported this finding based on its review of CAI's tax returns, which showed that it "recognized the majority of its income in 2019 from interest charged (55%) on real estate sales that they had financed." *Id*. And because CAI was deemed ineligible to receive the PPP loan, "SBA has determined that forgiveness in the amount of $0.00 is appropriate" on the ineligible loan. SBA071; *see also* SBA075–76 (SBA internal review notes).

The SBA paid Hancock a guaranty on CAI's loan and received an assignment "to ask, demand, receive, collect, sue and take all lawful actions for recovery of the moneys due or to become due on this Loan, and further that the United States of America on behalf of the SBA may avail itself of . . . any other remedies available at law or equity for collection of the Loan and the claim or debt evidenced by the Loan." SBA187.

CAI attempted to appeal the ineligibility determination to an Administrative Law Judge in the SBA's Office of Hearings and Appeals, but that appeal was untimely. SBA082–85. The SBA denied CAI's request for further discretionary review from its Administrator. SBA096.

### b.  District court

CAI filed this action under the APA seeking a declaration that SBA's ineligibility determination was arbitrary, capricious, or contrary to law. Rec. Doc. 1.[2] The SBA lodged its administrative record, with one supplement; the Court set a scheduling order for dispositive motion

---

[2]  CAI also sued the U.S. Department of the Treasury to enjoin any collection activities on the ineligible PPP loan, but the Court dismissed those claims for lack of subject-matter jurisdiction. *See* Rec. Doc. 11; *Cmty. Assocs., Inc. v. Loeffler*, No. 25-1181, 2025 WL 3126905 (E.D. La. Nov. 7, 2025).

practice. Rec. Docs. 17, 19, & 28. CAI filed its opening motion for summary judgment arguing that the SBA's enforcement and collection of the PPP debt was inconsistent with Hancock's prior indication to CAI that the loan was paid in full, with no outstanding balance. *See generally* Rec. Doc. 23. The Court sua sponte denied without prejudice CAI's motion for summary judgment as non-compliant with FED. R. CIV. P. 56(c)(1)(A). Rec. Doc. 30. The SBA presently files its own motion for summary judgment in accordance with the deadline established in that order. *Id.*

## III.    Argument

### a.    Standards of review

#### i.    FED. R. CIV. P. 56

Under Rule 56, a court normally considers whether the record viewed in the light most favorable to the non-moving party evinces a genuine dispute of material fact. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Hill v. London, Stetelman, & Kirkwood, Inc.*, 906 F.2d 204, 207 (5th Cir. 1990). "This formula adjusts, however, when it arises in the context of judicial review of an administrative agency's decision." *Town of Abita Springs v. U.S. Army Corps of Eng'rs*, 153 F. Supp. 3d 894, 903 (E.D. La. 2015) (citation omitted). In such cases, the "motion for summary judgment stands in a somewhat unusual light, in that the administrative record provides the complete factual predicate for the court's review." *Id.* The movant's burden is similar to its ultimate burden on the merits. *Id.*

"Cross-motions for summary judgment are the standard method for presenting a case to a district court for decision on the record compiled by the administrative tribunal that the court is reviewing." *Dale M. ex rel. Alice M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 237 F.3d 813, 816 (7th Cir. 2001). Cross-motions for summary judgment are the best means to resolve an APA case because "the district judge sits as an appellate tribunal. The entire case on

review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (cleaned up).

### ii. APA standard of review

Under the APA, the Court must uphold the agency's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Marsh v. Oregon Natural Res. Council*, 490 U.S. 360 (1989); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971). "[T]he ultimate standard of review is a narrow one. The Court is not empowered to substitute its own judgment for that of the agency." *Overton Park*, 401 U.S. at 416; *see also FCC v. Nat'l Citizens Comm. for Broadcasting,* 436 U.S. 775, 813–14 (1978); *Baltimore Gas & Elec. v. NRDC*, 462 U.S. 87, 103 (1983). "The court's role is not to weigh the evidence pro and con but to determine 'whether the agency decision was based on a consideration of the relevant factors and whether there was a clear error of judgment.'" *State of La. ex rel Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

"[I]f the agency considers the factors and articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary or capricious." *Id.* at 327. The agency's decision need not be ideal, and "will not be deemed arbitrary, capricious, or an abuse of discretion simply because one may happen to think it ill-considered or to represent a less appealing alternative." *Id.* at 327 n.9 (quoting *Hondros v. U.S. Civil Serv. Comm'n,* 720 F.2d 278, 295 (3d Cir. 1983)). Rather, "[i]f the agency's reasons and policy choices conform to minimal standards of rationality, then its actions are reasonable and must be upheld." *Texas Oil & Gas Ass'n v. U.S. E.P.A.*, 161 F.3d 923, 934 (5th Cir. 1998). Indeed, the agency action under review is "entitled to a presumption of regularity." *Overton Park*, 401 U.S. at 415.

Finally, the party bringing an APA action bears the burden of demonstrating that an agency's actions were in violation of the act. *See Dir., OWCP v. Greenwich Collieries*, 512 U.S. 267, 281 (1994).

### b. The SBA's loan-ineligibility determination is not arbitrary or capricious.

Notably, CAI's motion for summary judgment didn't contest the SBA's underlying determination that CAI was primarily engaged in lending and, therefore, ineligible to receive a PPP loan under 13 C.F.R. § 120.110(b). *See* Rec. Doc. 23-1. And for good reason – that conclusion is amply supported in the record. As the SBA's ineligibility letter outlined, CAI derived the majority of its 2019 income (55%) from interest on real-estate sales it had financed. SBA070. CAI's 2019 federal tax return bears this out. *See* SBA123 (sealed). Of the $531,652 CAI reported as "total income" on Form 1120-S, line 6 (SBA123), $294,348 was from "mortgage & loan interest" as reflected on Statement 1. SBA145. Thus, $294,348/$531,652 * 100 = 55.36, or about 55%.[3]

In sum, the SBA's determination that CAI was primarily engaged in lending and, thus, ineligible for a PPP loan under 13 C.F.R. § 120.110(b) is rational, reasonable, supported in the administrative record, and unchallenged by CAI.

### c. CAI's prior summary-judgment argument is meritless.

CAI's lone argument on summary judgment was that the SBA was prohibited from collecting the PPP loan after making its guaranty payment to Hancock. *See* Rec. Doc. 23-1 at p. 1 ("The question presented is straightforward: may the Small Business Administration enforce a debt after treating the loan as satisfied?"); *see also id*. at p. 5 ("An agency may not disregard its own completed action (here the payment to [Hancock] Whitney extinguishing the loan) and

---

[3]      The Court's sealing order allows the parties to reference and cite information from the sealed tax returns in its motion papers. Rec. Doc. 19.

proceed as though it never occurred."); *id*. ("The government may not treat the loan as satisfied for purposes of the lender's books while later asserting that the same obligation continued uninterrupted."). To the extent CAI may re-raise that argument in opposition to the SBA's present motion for summary judgment, it is wrong on both the facts and the law.

First, the facts. The administrative record confirms that the SBA did, indeed, receive an assignment of CAI's loan for collection after paying the guaranty to Hancock. SBA187–88, 197.

Second, the law. CAI's argument misapprehends the SBA's guaranty obligation to PPP loan lenders, like Hancock, under the CARES Act. Consistent with Congress's direction in the CARES Act, the SBA guarantees payment of PPP loans. *See* 15 U.S.C. § 636(a)(36)(B) ("Except as otherwise provided in this paragraph, the Administrator may guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection."). While a determination of borrower ineligibility for a PPP loan prohibits loan forgiveness, it doesn't prohibit the SBA from paying its loan guaranty to the lender according to the SBA's final PPP rule. *Compare* Business Loan Program Temporary Changes; Paycheck Protection Program—SBA Loan Review Procedures and Related Borrower and Lender Responsibilities, 85 Fed. Reg. 33010, 33012 (June 1, 2020) ("If SBA determines that a borrower is ineligible for a PPP loan, can the loan be forgiven? No. If SBA determines that a borrower is ineligible for the PPP loan, SBA will direct the lender to deny the loan forgiveness application."),[4] *with id*. at 33014 ("However, SBA's determination of borrower eligibility will have no effect on SBA's guaranty of the loan . . . .").

---

[4]    *See also* Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Loan Forgiveness, 85 Fed. Reg. 33004, 33005 (June 1, 2020) ("If SBA determines in the course of its review that the borrower was ineligible for the PPP loan based on the provisions of the CARES Act, SBA rules or guidance available at the time of the borrower's loan application . . . , the loan will not be eligible for loan forgiveness.").

The SBA's full payment of the PPP loan guaranty to Hancock on the one hand, and full pursuit of collections against CAI as an ineligible borrower on the other, aren't inconsistent with each other or the policy adopted in the SBA's final rule. To the contrary, and as quoted above, the SBA's finding of borrower ineligibility prohibits PPP loan forgiveness, but not payment of the SBA's guaranty.

## IV.    Conclusion

For these reasons, the Court should grant the SBA's motion for summary judgment and dismiss CAI's remaining APA claims on the merits and with prejudice.

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*
PETER M. MANSFIELD (#28671)
Chief, Civil Division
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov